Six months after date we promise to pay Moses Jarvis or order $181.98, for value received.
Witness our hands and seals, New Bern, 4 February, 1823.
 J. A. McMAIN. [L. S.] JOHN SIMMONS. [L. S.]
The writ was issued on 5 August, 1823. Plea, the general issue. Defendant contended on the trial below, before Daniel, J., at CRAVEN, that the writ had issued before the debt was due, as he was entitled to days of grace. The jury found a verdict for the plaintiff, subject to the opinion of the court on the point of law as to days of grace. The court was of opinion that the defendants were not entitled to days of grace as in the case of bills of exchange and promissory notes, and gave judgment accordingly, whereupon defendants appealed.
The decisions are of modern date that give to promissory notes a (12) right to days of grace. 4 Term, 152. When days of grace originally extended to bills of exchange they were gratuitous. I need not cite authority for this.
In bills of exchange the liability of the parties is created more (13) by the law merchant than by the express stipulation of the parties. Then days of grace and other regulations suiting a commercial people grew into use; but where the liabilities of the parties are altogether of their own making (such as when a bond shall become due) it is more difficult to perceive the propriety of altering that contract by law, and saying that although the debtor has agreed to pay on a given day, yet he shall not pay till three days afterwards. To be sure, it has been done in England thirty or forty years ago; but I know of no instance of its having been so decided in this State.
The remark may pass for what it is worth that this note has not been indorsed, before which it bears no resemblance to a bill of exchange. Bur. 676. It is a mere contract, like any other, between the parties.
I think the understanding of people generally is that they must pay on the day designated by the note. I think that a new trial ought not be granted.
HENDERSON, J., concurred.